United States District Court
Southern District of Texas
**ENTERED**
February 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-234 |
| | § | |
| 30.00 ACRES OF LAND, MORE OR | § | |
| LESS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Court now considers the "Opposed Motion of the United States of America for Order of Immediate Possession"[1] (hereafter, "motion for immediate possession") filed by the United States of America ("United States") and the response[2] in opposition filed by Veronica Mendoza ("Defendant"). The Court also considers the "Unopposed Motion to Correct Schedule "A" Due to a Scrivener's Error"[3] (hereafter, "motion to correct Schedule A") and the "Opposed Motion for a Hearing on the Opposed Motion for Order of Immediate Possession"[4] (hereafter, "motion for hearing"). After considering the motions, the record, and the relevant authorities, the Court **GRANTS** the motion to correct Schedule A[5] and the motion for immediate possession[6] and **DENIES** the motion for hearing.[7]

---

[1] Dkt. No. 17.
[2] Dkt. No. 19.
[3] Dkt. No. 16.
[4] Dkt. No. 20.
[5] Dkt. No. 16.
[6] Dkt. No. 17.
[7] Dkt. No. 20.

## I.   MOTION TO CORRECT SCHEDULE A

The United States moves to correct each Schedule A contained in the complaint in condemnation,[8] declaration of taking,[9] and notice of condemnation[10] on the grounds that they "only [include] a citation to the 2018 appropriations bill, but not a citation to the 2019 appropriations bill, even though the funding for the taking existed at the time of filing."[11] The United States requests the Court grant the motion to correct Schedule A and "enter an Order correcting the citation in Schedule A of the Complaint in Condemnation, Declaration of Taking, and Notice of Condemnation."[12]

The Court finds good cause for the requested relief. Accordingly, the Court **GRANTS** the motion to correct Schedule A[13] and **ORDERS** the United States to file an amended Schedule A as a separate document on the docket. The Court now turns to the motion for hearing on the motion for immediate possession.

## II.   MOTION FOR HEARING

The United States filed four motions for immediate possession in four cases currently before the Court in October 2019.[14] Since then, the United States has filed multiple motions requesting hearings on the issue of immediate possession in an attempt to expedite the Court's decisions on the pending motions for immediate possession.[15] However, in each of these motions for hearing, the United States provides no substantive reason explaining why a hearing on the

---

[8] Dkt. No. 1-1 pp. 1–2.
[9] Dkt. No. 2-1 pp. 1–2.
[10] Dkt. No. 3-1 pp. 1–2.
[11] Dkt. No. 16 pp. 2, ¶ 4.
[12] *Id.* ¶ 5.
[13] Dkt. No. 16.
[14] *See* Dkt. No. 17; *see also* Case No. 7:19-CV-250, Dkt. No. 13; Case No. 7:19-CV-254, Dkt. No.  17; Case No. 7:19-CV-270, Dkt. No. 16.
[15] *See* Dkt. No. 20; *see also* Case No. 7:19-CV-250, Dkt. No. 16; Case No. 7:19-CV-270, Dkt. No. 19.

issue of immediate possession is necessary. Rather, the United States broadly states that it "will suffer actual harm and prejudice if the motion is not granted."[16]

In *United States of America v. 72.26 Acres of Land, More or Less et al*, the Court reprimanded the United States for its request that the Court "expedite" its decision and set a hearing on the issue of immediate possession without providing any substantive explanation as to why the United States requires an expedited decision and hearing on the matter.[17] The Court noted that "[s]uch request [was] mystifying in light of the lack of substance in the motion for immediate possession."[18] Yet, the United States filed a nearly identical motion in the instant case, merely removing the term "expedited" from its language.[19] The United States once again provides no substantive explanation for why a hearing on the issue of immediate possession is necessary in this case, as compared to the dozens of other land condemnation cases pending before the Court. Furthermore, in almost every land condemnation case before this Court, the United States' approach has been a "hurry up and wait" approach.[20]

Thus, the Court **DENIES** the motion for hearing. To the extent the United States believes that filing a motion for hearing will cause the Court to expedite its decision on motions for immediate possession in any future cases, the United States is mistaken. The Court cautions the United States that if there is true urgency in these cases, it should be specified in its filings. Otherwise, regardless of the almost unfettered authority given to the United States by the Declaration of Taking Act, this Court will attend to its docket with due regard for all parties. The Court now turns to the motion for immediate possession.

---

[16] Dkt. No. 20 p. 4, ¶ 14.
[17] *See* Case No. 7:19-CV-250, Dkt. No. 17 pp. 3–4.
[18] *Id.*
[19] *See* Dkt. No. 20.
[20] The United States will file a case claiming urgency for possession and then claim various delays in completing the work.

### III. MOTION FOR IMMEDIATE POSSESSION

The United States moves for immediate possession of Tract RGV-MCS-1112, approximately 30.00 acres of land (hereafter, "Subject Property") on the grounds that (1) the Declaration of Taking Act (hereafter, "the Act") provides the United States with significant authority that entitles it to immediate possession of the Subject Property; and (2) the United States requires immediate possession in order to meet a congressional directive to construct border fencing in the Rio Grande Valley Sector.[21] While Defendant "raise[s] numerous objections and defenses in her [a]nswer," Defendant only opposes the motion for immediate possession to the extent it prevents Defendant from receiving at least 72 hours' notice of the United States' entry onto Defendant's property.[22] Accordingly, Defendant requests that the United States be required to provide Defendant at least 72 hours' notice before any entry onto her property, so that Defendant should have the opportunity to be present for and observe the United States' activities on her land."[23]

The United States indicates in its motion for hearing that it is unopposed to a 72 hour notice period.[24] Therefore, the Court **ORDERS** Defendant to allow the United States access to the Subject Property, Tract RGV-MCS-1112, to the following terms:

> The United States is hereby granted the right to survey, make borings, and conduct other related investigations on Tract RGV-MCS-1112 for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicles barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State

---

[21] Dkt. No. 19 p. 11.

[22] *See* Dkt. No. 19 p. 3; *see also* Dkt. No. 14. In her answer, Defendant raises various objections and affirmative defenses, including allegations that the United States has (1) exceeded its condemnation powers under the Act; (2) failed to comply "with all federal statutes before declaring a public purpose;" and (3) exercised its condemnation authority in an arbitrary and capricious manner. *See id.* at pp. 4–7.

[23] *Id.* at p. 11. Defendant does not live on the property but intends to eventually hold the property out as a hunting lease. Defendant specifically requests that the government inform her of each and every entry onto the land, "including notification to Defendant when each entry has concluded. . ." *See id.* at pp. 11–12. The United States indicates in its motion for hearing this it is "not opposed to Defendant's request of a 72 hour notice period." Dkt. No. 20 p. 2, ¶ 7.

[24] Dkt. No. 20 p. 2, ¶ 7.

of Texas. Additionally, the United States is granted the right to trim or remove any vegetative or structural obstacles on Tract RGV-MCS-1112 that interfere with the aforementioned purpose and work. The United States must provide Defendant 72-hour notice before entering Tract RGV-MCS-1112. The United States' possession of Tract RGV-MCS-1112 will begin immediately and will end on **February 5, 2021.** To the extent possible, the United States shall use contractors that have appropriate liability insurance. Any questions concerning just compensation for damages, if any, incurred by Defendant that have not been resolved will be addressed by this Court at a later date if and when raised by Defendant.

A copy of this Order shall be served by the United States upon all owners, all parties claiming ownership, and all persons in possession or control of the Subject Properties to the extent these are known. Considering the extent of the temporary possession, 12 months, the Court finds the estimated compensation, $100.00, may be insufficient compensation. Accordingly, the Court finds Defendant may present evidence at this stage to determine sufficient valuation of the Subject Property. The Court thus **ORDERS** the parties to appear for a hearing on **February 25, 2020 at 9:00 a.m.** so that the Court may set a schedule for the determination of just compensation.

### III.   HOLDING

Accordingly, the Court hereby **GRANTS** the motion to correct Schedule A.[25] Further, the Court **GRANTS** the motion for immediate possession[26] in accordance with the aforementioned terms. The Court **DENIES** the motion for hearing on the issue of immediate possession[27] and **ORDERS** the parties to appear for a hearing on **February 25, 2020 at 9:00 a.m.** so that the Court may set a schedule for the determination of just compensation.

IT IS SO ORDERED.
DONE at McAllen, Texas, this 5th day of February, 2020.

_____
Micaela Alvarez
United States District Judge

---

[25] Dkt. No. 16.
[26] Dkt. No. 17.
[27] Dkt. No. 20.